UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

JAMAR LIVINGSTON WILLIAMS,
Inmate I.D. #E13909

       Plaintiff,

v.

AARON MARTINEZ,

       Defendant.

CASE NO.  5:24-cv-208-MCR-MJF

---

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant, AARON MARTINEZ, by and through his undersigned counsel, files this Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint, as follows:

### I.    THE PARTIES TO THE COMPLAINT

    A.    Admitted.

    B.    Admitted.

### II.    BASIS FOR JURISDICTION

Admitted for jurisdictional purposes only; otherwise, denied.

### III.    PRISONER STATUS

Admitted.

#6909786.4

## IV.    STATEMENT OF FACTS

The allegations of Plaintiff's Third Amended Complaint are not stated in short, numbered paragraphs. The allegations consist of one block paragraph that extends four pages. It is difficult to tell where some sentences end and other sentences begin.  Any allegation not expressly admitted is denied.

(1)    Defendant admits that on July 6, 2021, Plaintiff was housed as an inmate in Graceville Correctional Facility.

(2)    Defendant admits Management & Training Corporation ("MTC") has a contract with the Florida Department of Corrections for operations of Graceville Correctional Facility on July 6, 2021.

(3)    Defendant admits that he was a correctional officer on duty on July 6, 2021, at Graceville Correctional Facility and in the employ of MTC.

(4)    On July 6, 2021, Plaintiff became disorderly and threatening toward Defendant and a Nurse during a pill line. Defendant engaged Plaintiff to place Plaintiff in hand restraints at which time a reactionary use of force became necessary to prevent harm to staff as Plaintiff was unresponsive to verbal orders and continued with disorderly and threatening conduct.

(5)    Defendant denies the statements attributed to him in Plaintiff's Third Amended Complaint.

#6909786.4

(6)    Defendant admits that a post use of force protocol was undertaken after the incident.

(7)    Defendant admits there was a separation of employment around October 2023 but was re-employed with MTC starting in January 2025.

## V.    STATEMENT OF CLAIMS

Denied.

## VI.    RELIEF REQUESTED

Defendant denies that Plaintiff is entitled to any of the relief requested as stated in the Third Amended Complaint.

## VII.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

Denied.

## VIII.  PRIOR LITIGATION

Without knowledge.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury of all issues so triable.

## GENERAL DENIAL

Defendant specifically denies all allegations contained in the Plaintiff's Third Amended Complaint which are not specifically admitted.

#6909786.4

## SEPARATE DEFENSES

Having answered the numbered paragraphs of Plaintiff's Complaint, and without conceding that Defendant bears the burden of proof as to any issue, Defendant asserts the following defenses, some of which may be affirmative defenses:

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted and therefore should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

### Second Defense

Any actions by Defendant do not rise to the level of a constitutional deprivation and therefore, are not actionable under 42 U.S.C. § 1983.

### Third Defense

Plaintiff's claims are barred by the doctrine of sovereign immunity under both federal and state law. Defendant, in his individual capacity, enjoys immunity from Plaintiff's causes of action for excessive use of force under Florida Statute § 768.28(9) and the Eleventh Amendment to the U.S. Constitution, because he committed his alleged tortious conduct within the course and scope of his employment as an officer of MTC under contract with Florida Department of Corrections without a wanton and willful disregard of

#6909786.4

human rights, safety, or property, and he did not act in bad faith or with malicious purpose.

## Fourth Defense

At all material times, Defendant acted within the course and scope of his employment as an officer with MTC and the Florida Department of Corrections, and, further, Florida Statutes authorized all his material conduct. Accordingly, Plaintiff's causes of action, assuming they are not barred by the doctrine of sovereign immunity, lie against the Florida Department of Corrections, not Defendant in his individual capacity.

## Fifth Defense

The force used on Plaintiff was at all times lawful and justified under the circumstances in an effort to protect his safety, the safety of others, and/or the safety of the community. Defendant, in his individual capacity, acted in conformity with established, reasonable and generally accepted officer procedures when he took any action concerning Plaintiff. Moreover, Defendant was trained by the institution to act in good faith and did act in good faith and with reasonable belief that the amount of force employed was the minimum amount of force necessary to address Plaintiff's behavior and take Plaintiff into confinement.

#6909786.4

## Sixth Defense

Plaintiff contributed to his alleged damages and failed to mitigate his damages by actively and physically resisting the officer.

## Seventh Defense

Defendant is entitled to have any verdict entered against him reduced proportionally to his percentage of fault. Alternatively, Defendant is entitled to have any verdict entered against him reduced by any/all available set-offs.

## Eighth Defense

Plaintiff's damages, if any, should be reduced by any amounts received from or available from collateral sources.

## Ninth Defense

Any and all damages claimed by Plaintiff, if any, were caused by Plaintiff's own actions and behavior.

## Tenth Defense

Any force used by Defendant was lawful and privileged because such force was deployed in self-defense, in the defense of others, or reasonably undertaken to accomplish a lawful objective. Additionally, any force used was appropriate in relation to the need presented, was applied in a good faith effort to maintain control, and did not cause severe injury, if any, to Plaintiff.

#6909786.4

## Eleventh Defense

Defendant's actions were not tortious. Alternatively, no actions by Defendant constituted more than mere negligence.

## Twelfth Defense

Any force used by Defendant was *de mimimis* and therefore does not support a claim for excessive force in violation of the Fourth Amendment.

## Thirteenth Defense

Plaintiff failed to exhaust all available administrative remedies prior to filing this lawsuit.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert any additional defenses which may be determined necessary during the course of discovery.

**CARR ALLISON**

/s/ P. David Brannon
P. David Brannon ◆ FBN 820636
George S. Reynolds IV ◆ FBN 56895
305 S. Gadsden Street
Tallahassee, FL  32301
(850) 222 2107; (850) 222 8475
Email: dbrannon@carrallison.com
Email: greynolds@carrallison.com
Email: swhite@carrallison.com
Email: npalomino@carrallison.com

Attorneys for Defendant, Aaron Martinez

#6909786.4

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on October 1, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to Jamar L. Williams #E13909, Santa Rosa Correctional Institution, 5850 East Milton Road, Milton, FL  32583-7914.

/s/ P. David Brannon
P. David Brannon ◆ FBN 820636
George S. Reynolds ◆ FBN 56895

Attorneys for Defendant, Aaron Martinez

#6909786.4