PROVIDED TO
SANTA ROSA C.I. ON
NOV 24 2025
FOR MAILING BY

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDIA
PANAMA CITY DIVISION

JAMAR LIVINGSTON/WILLIAMS,
    Plaintiff,

V.                                    Case No. 5:24-CV-208-MCR-MJF

AARON MARTINEZ,
    Defendant.

Response to defendant's motion to dismiss, and a memorandum integrated in opposition to defendant's motion to dismiss.

Comes Now, Pro se' Plaintiff Jamar Livingston williams in the above style case; asks this Honorable Court in good faith, with supporting fact's to dismiss the defendant's motion to dismiss Plaintiff's Complaint. Accusing plaintiff failed to exhaust administrative remedies, without any facts supporting defendant's Claim for the arugment that follows: Plaintiff filed his third amended Civil Rights complaint form for Pro se Prisoner Litgants in actions under 28 U.S.C.§1983. Plaintiff brings to this courts attention that within the body of the complaint form on page(s) VII; it Clearly states EX HAUSTION OF ADMINISTRIVE Remedies. Then it ~~states~~ states the prison litigation reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (griev ance. procedures) before a case: 42 U.S.C.§1997e(a). prior to filing this case, this case may be dismissed. on page (s) of the packet it asks nawhere in the packet to attach anything, Plaintiff attached his informal grievance he wrote when he made his allagation against AARon mart inez for battorney, and excessive use of force to his com- Plaint. At the Bottom the response read: Per GRcf

facility investigator mrs. mertinez on 7/6/21 Inspector Basford from the OIG interviewed plaintiff in regaurd to this Claim. Said Claim is still under review with the O.I.G. Claim in process your informal is approved in that sence. The Administrative grievance procedures clearly tell's you to start with an informal, if youve been-denied or didn't like the remedy then you can move to the formal grievance; or depending on the nature of your grievance you skip and go to the top. Plaintiff's grievance was apporved; and the institutionel level, and taken to the O.I.G. as the rules States. Plaintiff was happy with the results, so there was no need to Continue any further. Plaintiff exhausted the available administrative remedies. Plaintiff complied with the grievance procedures; the prison litigation reform Act, as both requirements before bring a case. Therefore defendant's motion should be dismissed because it has no merits at all. Plaintiff should be able to go forward with his Claim all the way to a "trial by Jury" as he asked. "However, when ruling on a motion to dismiss Courts are required to treat as true the complaint's allegations, including those that incorporate attachments, and look no further than the amended complaint and it's attachments." Univ. of S. fla. Bd of Trs. V. Moore, No. 2021-2685, 2022 fla. App. LEXIS 3707, 2022 WL 1751166, at *1 (fla. 2d DCA June 1, 2022); See also Baycon indus., Inc. V. Shea, 714 So. 2d 1094, 1095 (fla. 2d DCA 1998) ("A Motion to dismiss is not a substitute for a motion for summary Judgment, and in ruling on a motion to dismiss a complaint the trial court is confined to consideration of the allegations found within the four corners of the complaint.").

memorandum of LAW IN SUPPORT of Plaintiff's response to defendant's motion to dismiss Plaintiff's Claim

Statement of the case

This is a civil rights case filed under 42 U.S.C. § 1983 by a State prisoner, plaintiff's constitutional, and federal statutory rights were deprived as a result for the unconstitutional misuse excessive force, by named defendant action Specifically his 8th Amendment right which prohibits Cruel and unust punishment, his 14th Amendment due to this by AARON martinez, and the denial of the correct care for the druma he suffred to the head. Plaintiff seeks damages as to all claims, and to proceed to a Jury trial.

### STATement of facts

Plaintiff filed a complaint Against AARON martinez that he was assaulted by AARON martinez, receiving injuries including a separated shoulder and serious druma to his head that still leaves him with headaches. plaintiff head x-rays taken throughout the course of time, but never head any C.T. scan's for the drumn to his head or of his vision lost in his eyes after the assaulte. Plaintiff attached to his complaint all statemerts of officer's eyewitness ceaunt's, and the approved greiveane he wrote after being transfered right after, but was denied the inmetes' eyewitness.

### ARGUMENT

The count should not dismiss Plaintiff's Complaint. Plaintiff's complaint shouldn't be dismissed because the defendent clearly hasn't supported his case nor Claim with any feet's, as to the argument that hes been put forth. Plaintiff hes supporting feet's that he followed the rules to the 1983 Complaint, and the rules as to the (grievance procedures states) As the courts stated in Bogle Case a motion to dismiss is not a Substitive for a motion for summary Judgment, and in ruling on a motion to a complaint the trial Court is confined to consideration of the allegations found

within the four corners of the complaint."). See Bay co n indus., V shea, 714 so. 2d 1094, 1095 (fla. 2d DCA 1998) see also County sheriff's office, Appellant, v. RANDALL BOGLE, Appellee. Second DISTRICT 343 So.3d 1267 343 So.3d 1267; 2022 fla. Standing with the counts in this case when they affirmed the denial of Appellants' motion dismiss as to count two. Again the case that the defendant has made is insufficient and has no merit that warrants plaintiff's case to be dismiss.

## Conclusion

for the foregoing reasons, the court should not grant the defendant's motion in this case; plaintiff everything has the rules states the facts in his complaint support that.

## Certificate

As Rule. 7.1.(B) States being that plaintiff is untrained in law he's doing this. The Attorney for the moving party did contact plaintiff trying to resolve the case by getting him to take an offer, But the attorney for the defendant didn't call back as he said, then he did this meritless motion.

## Certificate of service

I hereby state that everything in this motion true to the best of my understanding - I am giving this to the institutional staff to be mailed out through the u.s mail on this Day Novmember 24 2025

Jamar L. Williams E13909
SANTA ROSA CORRECTIONAL INSTITUTION
850 EAST MILTON ROAD
MILTON FLORIDA 32583

PENSACOLA FL 325

28 NOV 2025 AM 1 L

Clerk United States District
Court 1 N. Palafox Street
PENSACOLA, FL 32502

32502-581714

DEC 0 2 2025

PROVIDED TO
SANTA ROSA C.I. ON

NOV 24 2025

FOR MAILING BY

MAILED FROM A STATE
CORRECTIONAL INSTITUTION

U.S. POSTAGE >> PITNEY BOWES

REDATE

0366

NOV 25 2025

