UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMAR LIVINGSTON WILLIAMS,

     Plaintiff,

v.                                                    Case No.  5:24-cv-208-MCR-MJF

AARON MARTINEZ,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Jamar Williams, proceeding *pro se*, has filed a third amended civil-rights complaint. Doc. 19. Defendant Martinez moves to dismiss the complaint because Williams failed to exhaust his administrative remedies. Doc. 29. Williams opposes the motion. Doc. 31. The undersigned recommends that the District Court deny Martinez's motion to dismiss.

### BACKGROUND

Williams is an inmate of the Florida Department of Corrections ("FDC") housed at the Santa Rosa Correctional Institution. Williams initiated this civil action on September 4, 2024, by filing a complaint under 42 U.S.C. § 1983. Doc. 1. Williams's third amended complaint

names only one Defendant: Aaron Martinez. Doc. 19. Williams claims that Martinez violated the Eighth Amendment when he used excessive force on Williams on July 6, 2021, at the Graceville Correctional Facility. As relief, Williams seeks compensatory and punitive damages.

Martinez moves to dismiss this action with prejudice because Williams failed to properly exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Doc. 29. Williams argues that he satisfied § 1997e(a)'s exhaustion requirement. Doc. 31.

## DISCUSSION

### A.   The PLRA's Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all inmate suits that concern prison life. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). "[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues

on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal quotation marks and citation omitted).

"To determine 'proper exhaustion' in prisoner civil rights actions, courts must look to the requirements of the 'prison grievance system.'" *Gipson v. Renninger*, 750 F. App'x 948, 951 (11th Cir. 2018) (quoting *Woodford*, 548 U.S. at 95). In other words, "[a] prisoner must comply with rules 'defined not by the PLRA, but by the prison grievance process itself.'" *Gipson*, 750 F. App'x at 951 (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)).

Generally, the FDC's administrative remedy program requires an inmate to begin the grievance process by submitting an informal grievance to the designated staff member, who forwards the informal grievance to the staff member responsible in the particular area of the problem. Fla. Admin. Code r. 33-103.005. When an inmate decides to file a formal grievance he must submit the appropriate form and attachments to the warden's office. Fla. Admin. Code r. 33-103.006(1). If the inmate is dissatisfied with the response to the formal grievance, he may file an appeal to the Office of Secretary. Fla. Admin. Code r. 33-103.007(1).

**B.**    **The Framework for Evaluating an Exhaustion Defense**

A failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden of proving. *Jones*, 549 U.S. at 216; *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). Addressing a motion to dismiss for failure to exhaust involves two steps. *Turner*, 541 F.3d at 1082.

First, the court looks to the factual allegations in the defendant's motion, and those in the plaintiff's response. *See id.* at 1082. If they conflict, the court accepts the plaintiff's version of the facts as true. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082.

If the complaint is not subject to dismissal at the first step—where the plaintiff's allegations are assumed to be true—"the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082 (citing *Bryant v. Rich*, 530 F.3d 1368, 1373–74, 1376 (11th Cir. 2008)). Upon making findings on the disputed issues of fact, the court then decides whether, under those findings, the plaintiff has exhausted his available administrative remedies. "A district court may properly consider facts outside of the

pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record." *Singleton v. Dep't of Corr.*, 323 F. App'x 783, 785 (11th Cir. 2009) (citing *Bryant*, 530 F.3d at 1376)).

## C.   <u>Application of the *Turner* Procedure</u>

The allegations in Martinez's motion to dismiss do not conflict with the allegations in Williams's response to that motion, at least with regard to *the steps* Williams took to exhaust his administrative remedies.

The parties agree that Williams filed one grievance relating to Martinez's use of force: informal grievance log #125-2107-0027. Doc. 19 at 12 in ECF; Doc. 29. Williams's informal grievance and response are part of the record. Doc. 19 at 12.

On July 20, 2021, a prison official (K. Hauser) approved Williams's informal grievance, stating:

> Per GRCF facility investigator Mrs. Martinez on 7/6/21 Inspector Basford from the OIG interviewed you in regard to this claim.
>
> Said claim is still under review with the OIG.
>
> Claim in process your informal is approved in that sence [sic].

Doc. 19 at 12. Hauser's handwritten response is followed by this preprinted language on the grievance form:

> The following pertains to informal grievances only:
> Based on the above information, your grievance is _____.
> (Returned, Denied, or Approved). If your informal grievance
> is denied, you have the right to submit a formal grievance in
> accordance with Chapter 33-103.006, F.A.C.

Doc. 19 at 12. Hauser wrote "Approved" in the blank space and circled the word "Approved" in the parenthetical. *Id.* Hauser then signed and dated the response. *Id.* That concluded the "Response" section of the grievance.

At the bottom of the grievance form is general processing information for informal grievances (how to distribute the original and copies, the responding official's response deadline, etc.). This information is followed by instructions on how to submit a formal grievance. *Id.*

That was the extent of Williams's grievances with regard to Martinez's use of force on July 6, 2021. Doc. 19 at 11; Doc. 29. The use of force was reviewed by the Office of the Inspector General ("OIG"). Doc. 19-1. The OIG disapproved Martinez's use of force as excessive or unwarranted. *Id.*

The question in this case—and where the parties disagree—is whether Williams's informal grievance was sufficient to constitute exhaustion. Martinez asserts that Williams was required to *appeal the approved grievance*. Doc. 29. Martinez notes that "if the inmate believes

that their informal grievance was not appropriately addressed, the inmate may file a formal grievance at their institution using Force DC1-303." Doc. 29 at 9 (citing Fla. Admin. Code rr. 33-103.005(4)(a), 33-103.006).

Williams counters that he was not required to appeal because his grievance was approved, he was satisfied with the response, and the response indicated that a formal grievance was required only if his informal grievance was denied. Doc. 31.

Courts in this Circuit have held that when a Florida inmate's informal grievance is addressed and approved, the inmate is not required to submit any further grievances about the issue. *Williams v. Dep't of Corr.*, 678 F. App'x 877, 880–81 (11th Cir. 2017) (because inmate's informal grievance was addressed and approved, inmate was not required to submit any further grievances about the issue in question); *Harvard v. Inch*, 411 F. Supp. 3d 1220, 1248 (N.D. Fla. 2019) (Florida prisoner whose informal grievance was approved "did not need to appeal his grant in order to exhaust his administrative remedies"); *cf. Whatley v. Smith*, 898 F.3d 1072, 1085 n.60 (11th Cir. 2018) ("A grievance can be exhausted without being appealed all the way through the grievance

resolution process."). Martinez does not address—much less distinguish—these decisions.

Martinez also does not identify any provision of the FDC's inmate grievance procedure that requires an inmate to appeal the *approval* of an informal grievance. The only provision of the FDC's grievance procedure that addresses *approved* grievances relates to approved *formal* grievances and provides instructions to *staff*. *See, e.g.,* Fla. Admin. Code r. 33-103.016.

Martinez emphasizes the general preprinted language on the bottom of the informal grievance form that describes how to submit a formal grievance:

> You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to.

Doc. 29 at 4; *see also* Doc. 19 at 12.

Martinez, however, ignores the preprinted language appearing in the "Response" section of Williams's grievance. Immediately after Hauser's disposition of the grievance as "Approved" there is language informing Williams that he could submit a formal grievance *if his*

Page 8 of 11

*informal grievance was denied.* Doc. 19 at 12. The implication of that language, of course, is that if the grievance was approved, nothing further was required. *See* Fla. Admin. Code r. 33-103.015(5) (the right-to-further-review language applies, and must be included, if the informal or formal grievance is *denied*).

Thus, even *if* the grievance procedure required Williams to appeal the approved grievance (which it did not), the specific language in the FDC's response to Williams's informal grievance induced Williams to believe that no further action was required on his part. "An administrative remedy is not 'available,' and therefore need not be exhausted, if prison officials erroneously inform an inmate that the remedy does not exist or inaccurately describe the steps he needs to take to pursue it." *See Pavey v. Conley*, 663 F.3d 899, 906 (7th Cir. 2011); *see also Geter v. Baldwin State Prison*, 974 F.3d 1348, 1358 (11th Cir. 2020).

The conclusion that Williams satisfied § 1997e(a)'s exhaustion requirement is consistent with numerous other federal district courts in Florida which consistently have concluded that an inmate sufficiently exhausted his administrative remedies by filing a grievance that was marked "approved" by the FDC with confirmation that the incident was, or would be, referred to the inspector general for investigation. *See Perea*

*v. Smith*, 2024 WL 559260, at \*2–3 (N.D. Fla. Jan. 17, 2024) (rejecting defendants' exhaustion argument in identical circumstances), *adopted*, 2024 WL 554153 (N.D. Fla. Feb. 12, 2024); *Blake v. Carter*, 2024 WL 4246679 (N.D. Fla. Aug. 8, 2024); *Johnson v. Shuler*, 2022 WL 17811970, at \*4 (N.D. Fla. Nov. 18, 2022), *adopted*, 2022 WL 17811959 (N.D. Fla. Dec. 19, 2022); *Luckey v. May*, 2016 WL 1128426, at \*9–10 (N.D. Fla. Feb. 17, 2016), *adopted*, 2016 WL 1169481 (N.D. Fla. Mar. 22, 2016); *Tierney v. Hattaway*, 2022 WL 18159995, at \*2 (N.D. Fla. Dec. 9, 2022), *adopted*, 2023 WL 139132 (N.D. Fla. Jan. 9, 2023); *see also Manago v. Glass*, 2019 WL 1014440, at \*7 (M.D. Fla. Mar. 4, 2019).

## CONCLUSION

For the reasons set forth above, Martinez has not carried his burden of establishing that Williams failed to exhaust available administrative remedies. Thus, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Defendant's motion to dismiss, Doc. 29.

At Panama City, Florida, this 15th day of December 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**